IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEVI WOODERTS, JR., ID # 29639-077, )<br>   Petitioner, )<br>vs. )<br> )<br>DAN JOSLIN,[1] )<br>   Respondent. ) | No. 3:04-CV-2253-D |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

A. Nature of the Case

Petitioner, a federal prisoner currently incarcerated in Seagoville, Texas,[2] filed the instant action pursuant to 28 U.S.C. § 2241 to challenge the manner in which the Bureau of Prisons (BOP) administers the Inmate Financial Responsibility Program (IFRP) and collects court-ordered restitution. Dan Joslin, Warden of the Seagoville facility, is the proper respondent.[3]

---

[1] Petitioner names the United States of America and Warden Joshlin as respondents. Because Dan Joslin, Warden of the Seagoville facility, is the proper respondent, the Court eliminates the United States as respondent and corrects the spelling of the Warden's name.

[2] Seagoville is located in Dallas County, Texas, which is within the territorial confines of this judicial district, *see* 28 U.S.C. § 124(a)(1).

[3] Although Dan Joslin, as Warden of the Seagoville facility, is the proper respondent for this action, petitioner often focuses on actions of the BOP and prison personnel. Consistent with such focus, the Court at times refers to the BOP rather than specifically to respondent.

B. <u>Procedural History</u>[4]

On December 10, 1997, a jury convicted petitioner for violations of 18 U.S.C. §§ 2 (aiding and abetting), 371 (conspiring to alter or remove motor vehicle identification); 511 (altering or removing motor vehicle identification), and 2321 (trafficking in motor vehicles or motor vehicles parts). On February 27, 1998, the Court sentenced him to a term of imprisonment. It also ordered petitioner to make restitution, jointly and severally with his co-defendants, in the amount of $386,589.03. It directed that restitution shall commence while petitioner is incarcerated.

On June 24, 2004, the Court received a motion in which petitioner sought an order to compel the BOP to follow the judgment entered in his criminal case with respect to payment of restitution. On June 28, 2004, the Court denied that motion because the BOP could properly commence collection of restitution while petitioner was incarcerated. On July 20, 2004, the Court denied petitioner's request for reconsideration of the June 28, 2004 order. The Court clarified that its judgment required a minimum restitution payment of $50, and thus denied the request for reconsideration.

On September 21, 2004, the Court received a motion for waiver of restitution that it referred to a United States Magistrate Judge for recommendation. On September 29, 2004, the assigned Magistrate Judge recommended that the motion be dismissed without prejudice to petitioner filing a petition pursuant to 28 U.S.C. § 2241. In October 2004, petitioner filed the instant § 2241 petition with a supporting memorandum. In March 2005, he filed a supplemental memorandum, and in January 2006, he filed a second supplemental memorandum.

---

[4] The procedural background is taken from the various filings in this action and from documents found in petitioner's federal criminal case, No. 3:97-CR-054-D.

**C. <u>Substantive Issues</u>**

The various filings in this action invite consideration of (1) an alleged breach of contract under the IFRP; (2) the collection of restitution payments in excess of petitioner's prison earnings; (3) the collection of restitution from non-institutional sources; and (4) an increase in petitioner's custody level because he refused to increase his restitution payments. Petitioner asks that the Court waive restitution while he remains imprisoned and eliminate the joint and several aspect of the restitution order.

## II. JURISDICTION

Plaintiff seeks habeas relief under 28 U.S.C. § 2241. That statute provides district courts the power to grant a writ of habeas corpus. A petitioner is entitled to a writ of habeas corpus under § 2241 only to remedy his or her restraint of liberty in violation of the constitution, treaties, or laws of the United States. *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952). "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

This action stems from respondent's attempt to comply with the Inmate Financial Responsibility Program (IFRP), 28 C.F.R. §§ 545.10, 545.11.[5] When a prisoner challenges the manner in which the BOP administers the IFRP in a post-conviction motion or habeas petition that does "not explicitly attack any action by the sentencing court", the action is "in the nature of a 28

---

[5] These regulations have resulted in BOP Program Statement 5380.07, *Financial Responsibility Program, Inmate*, effective January 27, 2000.

U.S.C. § 2241 petition, and it should [be] filed in the district of his incarceration." *United States v. Wilbert*, 54 Fed. App'x 404, 404 (5th Cir. 2002) (per curiam); *accord*, *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *Mujahid v. Crabtree,* 999 F. Supp. 1398, 1401 (D. Or. 1998). Because petitioner is incarcerated in this district, this action properly proceeds under § 2241 in this Court.

### III. RELIEF UNDER 28 U.S.C. § 2241

To obtain habeas relief under § 2241 on a challenge to the manner in which the BOP administers the IFRP and collects restitution payments, petitioner must establish "the deprivation of some right secured to the petitioner by the United States Constitution or the laws of the United States." *Schmidt v. United States Dep't of Justice*, 34 Fed. App'x 151, 151 (5th Cir. 2002) (per curiam) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

In this case, petitioner contends that although he agreed to a payment plan developed by a unit team from FCI Seagoville pursuant to the IFRP, he was forced to sign the payment contract. He objects to an increase of the amount of his restitution payments by the unit team, contends that the BOP seeks restitution payments in excess of his monthly prison income, and claims that those payments should not be taken from other sources. He also argues that the BOP has breached the IFRP contract and unconstitutionally added two points to his custody level because he refused to increase his restitution payments. Petitioner now seeks to have the Court waive restitution while he remains imprisoned and eliminate the joint and several aspect of the restitution order.

**A.**     <u>**Inmate Financial Responsibility Program**</u>

This Court has previously discussed the IFRP in non-habeas contexts. *See Eidson v. Harper*, No. 3:04-CV-1179-P, 2004 WL 2976675, at *2-4 (N.D. Tex. Dec. 14, 2004) (findings, conclusions, and recommendation), *adopted by* 2005 WL 106570 (N.D. Tex. Jan. 18, 2005); *Silva v. Bureau of*

4

*Prisons*, No. 3:04-CV-0452-N, 2004 WL 1553471, at *1-2, 5-6 (N.D. Tex. July 12, 2004) (findings, conclusions, and recommendation), *accepted by* 2004 WL 1732354 (N.D. Tex. Aug. 2, 2004); *Bloch v. Lake*, No. 3:03-CV-2965-G, 2004 WL 1084720, at *1-6 (N.D. Tex. May 10, 2004) (findings, conclusions, and recommendation), *accepted by* 2004 WL 1208904 (N.D. Tex. June 1, 2004). In *Bloch*, the Court noted:

> The BOP enacted the Inmate Financial Responsibility Program (IFRP) to assist inmates in "meet[ing] his or her legitimate financial obligations." 28 C.F.R. § 545.10. The IFRP applies to all inmates in federal facilities except for study and observation cases, pretrial detainees, and inmates in holdover status pending designation. *Id.* IFRP procedures require staff members to review an inmate's financial obligations, which include special assessments and court ordered restitution, and create a financial plan after reviewing the Presentence Report, Judgement and Commitment Orders, and any other available documents. 28 C.F.R. § 545.11(a). Payments under IFRP "may be made from institution resources or non-institution (community) resources." 28 C.F.R. § 545.11(b).

2004 WL 1084720, at *2. The Court further noted:

> The decision as to whether an inmate participates in the IFRP is made by the BOP. 28 C.F.R. § 545.11(c). In addition, failure to comply with the IFRP often results in the loss of prison privileges and incentives including parole, furloughs, performance or vacation pay, outside work details, UNICOR work privileges, special purchase entitlement, community-based programs, and loss of housing status whereby the inmate will be quartered in the lowest status prison housing. 28 C.F.R. § 545.11(d).

*Id.* at *2 n.3. "In addition, § 545.11(b) permits BOP staff to unilaterally accelerate or increase an inmate's payments, and to consider funds obtained from outside sources as available resources in determining the appropriate payment." *See Silva*, 2004 WL 1553471, at *2 (citing *McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999); *Mujahid v. Crabtree*, 999 F. Supp. 1398, 1400 (D. Or. 1998)).

This Court has found the IFRP constitutional. *See Finck v. Joslin*, No. 3:05-CV-0718-D (N.D. Tex.) (findings, conclusions, and recommendation dated Feb. 10, 2006, and accepted by District Court over objection on Feb. 28, 2006). Courts have "uniformly upheld" the IFRP regulations

5

"against constitutional attack." *See Bloch v. Lake*, No. 3:03-CV-2965-G, 2004 WL 1084720, at *4 n.5 (N.D. Tex. May 10, 2004) (findings, conclusions, and recommendation), *accepted by* 2004 WL 1208904 (N.D. Tex. June 1, 2004). "Collecting restitution payments through the IFRP does not violate the constitutional rights of [petitioner]." *See Silva v. Bureau of Prisons*, No. 3:04-CV-0452-N, 2004 WL 1553471, at *6 (N.D. Tex. July 12, 2004) (findings, conclusions, and recommendation), *accepted by* 2004 WL 1732354 (N.D. Tex. Aug. 2, 2004).

**B.** **Breach of Contract**

Petitioner primarily claims that the BOP has breached a contract with him regarding his payment of restitution. However, a claimed breach of contract "alleges no deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States." *See Silva v. Bureau of Prisons*, No. 3:04-CV-0452-N, 2004 WL 1553471, at *4 (N.D. Tex. July 12, 2004) (findings, conclusions, and recommendation), *accepted by* 2004 WL 1732354 (N.D. Tex. Aug. 2, 2004). Consequently, the alleged breach of contract provides no basis for this habeas action.

**C.** **Payments in Excess of Prison Earnings**

Petitioner also complains about making restitution payments in excess of his monthly prison income. However, as clarified by the July 20, 2004 order, the BOP is not collecting restitution payments in excess of that ordered by the Court because the judgment entered in petitioner's federal criminal action indicates a minimum restitution payment of $50. Payments in excess of petitioner's prison earnings do not of themselves present a deprivation of any right secured to the petitioner by the United States Constitution or the laws of the United States.

D.      **Payments from Non-institutional Sources**

Petitioner further complains about making restitution payments from non-institutional sources. The Court, however, placed no restriction on the collection of restitution from non-institutional sources, and the IFRP permits the BOP to collect restitution payments from non-institution sources, *see id.* at *2, 5-6; *Bloch*, 2004 WL 1084720, at *2; *McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999); *Mujahid v. Crabtree,* 999 F. Supp. 1398, 1400 (D. Or. 1998). Because the BOP has merely collected IFRP payments in accordance with IFRP regulations, such collections are entirely appropriate. *See, e.g.*, *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (holding that BOP may administer collection of payments through IFRP when sentencing court orders immediate payment); *McGhee*, 166 F.3d at 886 (same).

E.      **Increase in Custody Level**

Petitioner also complains that respondent has increased his custody level because he refused to pay an increased restitution payment. However, complaints regarding changes in custody level are not actionable in a federal habeas corpus proceeding. *Sosa v. Dretke*, No. 1:03-CV-250-C, 2004 WL 1268162, at *3 (N.D. Tex. May 4, 2004) (citing *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)). "It has long been recognized that a prisoner has no inherent constitutional right to any particular security classification or custody level." *Turner v. Johnson*, 46 F. Supp. 2d 655, 665 (S.D. Tex. 1999) (cited with approval in *Sosa*). Consequently, petitioner's complaint regarding the change in his custody level provides no basis for relief in this § 2241 action.

F.      **Joint and Several Liability**

Petitioner lastly complains about the "joint and several" aspect of the court-ordered restitution. He asks that the Court eliminate that aspect of the ordered restitution. The federal courts,

7

however, may impose joint and several liability for restitution payments in cases involving a conspiracy. *See United States v. Chaney*, 964 F.2d 437, 453-54 & n. 52 (5th Cir. 1992). Joint and several liability for restitution payments does not violate the Constitution. Petitioner provides no reason to eliminate the "joint and several" aspect of the court-ordered restitution, and his complaint regarding such aspect provides no basis for habeas relief.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the instant petition filed pursuant to 28 U.S.C. § 2241. Petitioner has established no deprivation of any right secured to him by the Constitution or laws of the United States.

**SIGNED this 24th day of May, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE